Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

Attorneys for Plaintiff
SFM, LLC d/b/a Sprout Farmers Market

Isaac M. Gabriel (#021780)
isaac.gabriel@quarles.com
Christian G. Stahl (#029984)
christian.stahl@quarles.com
Johanna M. Wilbert (admitted *pro hac vice*)
johanna.wilbert@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SFM, LLC d/b/a Sprouts Farmers Market, | NO. 2:19-cv-04820-JAT |
| Plaintiff, | **DECLARATION OF CHRISTIAN STAHL REGARDING COMMUNICATIONS ON SUBSTITUTE COUNSEL FOR DEFENDANTS** |
| v. | |
| Best Roast Coffee, LLC, a Wyoming limited liability company; and Jason Roe and Jane Doe, husband and wife | |
| Defendants. | |

I, Christian Stahl, declare as follows:

1. I am an attorney at Quarles & Brady LLP ("Quarles"), attorneys for Plaintiff SFM, LLC d/b/a Sprouts Farmers Market ("Sprouts"). I submit this Declaration regarding communications on substitute counsel for Defendants.

2. I have personal knowledge of the matters stated in this declaration, or I have reviewed the file maintained by Quarles and obtained personal knowledge stated herein.

3. Counsel for Sprouts was unable to work with Defendants' substitute counsel to provide the Joint Pre-Hearing Statement because efforts to reach Defendants' substitute counsel were unsuccessful. Our attempts to make contact with Defendants' substitute counsel are outlined below.

1  4. On Monday, September 23, 2019, the court entered its Order Setting Preliminary Injunction Hearing (Dkt. 28).  The Order required the parties to jointly prepare and file a joint pre-hearing statement by October 2, 2019.  (Dkt. 28:18–19.)

5. On Thursday, September 26, 2019, former counsel for Defendants, Sterling R. Peterson and Larry A. Dunn, filed a Motion to Withdraw as Counsel of Record, stating that Defendants had discharged counsel and signed a Consent to Withdrawal of Counsel (Dkt. 32).

6. On Friday, September 27, 2019, counsel for Sprouts, Isaac Gabriel, received an e-mail from attorney Matthew Janda, Defendants' counsel in another pending dispute with Sprouts, stating "I wanted to make sure you were aware that Best Roast Coffee, Jason and his wife are bringing on a new AZ attorney for representation in that case and I will update once I have further information as to the new attorney."  A true and correct copy of this e-mail is attached as **Exhibit 1**.

7. On Monday, September 30, 2019, counsel for Plaintiffs filed its Response to the Motion to Withdraw as Counsel of Record (Dtk. 33), requesting that the withdrawal should only be granted with appropriate substitution and after the Preliminary Injunction Hearing to avoid delay and prejudice.

8. After filing its Response to the Motion to Withdraw as Counsel of Record, I sent an e-mail to Mr. Peterson requesting his availability to discuss stipulations and/or objections to exhibits for the parties' joint pre-hearing statement, since the Court had not yet granted the Motion to Withdraw as Counsel of Record.  A true and correct copy of the September 30, 2019 e-mail is attached as **Exhibit 2**.

9. Later that evening, Mr. Peterson responded to my e-mail stating that he is no longer authorized to represent the Defendants, but nonetheless I could call him to discuss.  A true and correct copy of this e-mail is attached as **Exhibit 3**.

10. On Tuesday, October 1, 2019, I responded to Mr. Peterson, requesting that he provide the contact information for Defendants' new counsel, since Mr. Janda had indicated Defendants' were represented earlier.  Mr. Peterson responded that it was his understanding

that "Matt Janda (an attorney in California who represents Rest [sic] Roast Coffee)…has information on the attorneys that are going to be substituting." A true and correct copy of this e-mail exchange is attached as **Exhibit 4**.

11. Later on Tuesday, October 1, 2019, the Court entered an Order granting the Motion to Withdraw as Counsel of Record (Dkt. 34), and stated that the due date for the Joint Pre-Hearing Statement remained unchanged and was still due on October 2, 2019.

12. Thereafter, I sent a follow-up e-mail to attorney Mr. Janda requesting the contact information for Defendants' substitute counsel as soon as possible. A true and correct copy of this e-mail exchange is attached as **Exhibit 5**.

13. Later that evening on Tuesday, October 1, 2019, I received and e-mail from Defendant Jason Roe, copying Mr. Janda. Mr. Roe's e-mail states in part:

> Christian - I have been talking to Thomas today the attorney entering docket [sic]. He had responses and deadlines due [sic].
>
> I will be using Matt to compose my evidentiary documents due tomorrow that Thomas tells me I can file as individual until he enters docket [sic]. You can converse with Matt for the docs I intend to file in response to your response to Judges order for hearing (oral requested ) [sic]

I did not respond to Mr. Roe as he is represented by counsel in this matter and he instructed to speak with his attorney, Mr. Janda, on the matter. On Wednesday, October 2, 2019, I forwarded Mr. Roe's e-mail to Mr. Janda requesting he instruct Mr. Roe to not contact Sprouts or its counsel directly to avoid violating Ariz. R. Sup. Ct. 42, ER 4.2. I stated that it was my understanding that he would be representing Mr. Roe with respect to the Joint Pre-Hearing Statement, and attached a draft of the joint pre-hearing statement. I also requested a meet and confer between 12:30pm and 4pm Pacific Time. A true and correct copy of this e-mail exchange is attached as **Exhibit 6**.

14. On Wednesday, October 2, 2019, at approximately 11:38am Central Time, I received an e-mail response from Mr. Janda stating that he did not have the substitute attorney's contact information on hand, "but it sounds as if he will be reaching out today. I am not representing Jason in the Pre-Hearing documents due today. I was only assisting

1  him in gathering the evidence together." I responded at approximately 11:54am Central
2  Time that it appeared that Mr. Janda has the exhibits that Mr. Roe will be using, and
3  requested that Mr. Janda forward the exhibits to me so that counsel for Sprouts may
4  consider. At approximately 3:07pm Central Time, Mr. Janda responded that he was waiting
5  on the other attorney "to ensure cohesiveness and completeness." I responded that "[s]ince
6  we have been unable to meet and confer and you refuse to put is in touch with substitute
7  Arizona counsel, SFM will be filing its portion before the close of business central time."
8  Additionally, since it appears that Mr. Janda is in communication with substitute counsel, I
9  requested Mr. Janda to express our desire to meet and confer with them as soon as possible,
10 and that counsel for Sprouts will be filing its portion of the pre-hearing statement by the
11 close of business Central Time. I did not receive Defendants' proposed exhibits. A true
12 and correct copy of this e-mail exchange is attached as **Exhibit 7**.

13        15.    On Wednesday, October 2, 2019, at approximately 4:08pm Central Time, I
14 received an e-mail from Mr. Janda, forwarding Defendants' substitute counsel's name, law
15 firm, telephone number and e-mail address:

16        David Kresin
          Robaina & Kresin PLLC
17        602-682-6450
18        dck@robainalaw.com

19 A true and correct copy of this e-mail is attached as **Exhibit 8**.

20        16.    On Wednesday, October 2, 2019, at approximately 4:13pm Central Time,
21 Johanna Wilbert (counsel for Sprouts) and I called substitute counsel, David Kresin. The
22 gentleman who answered the phone, Michael, stated Mr. Kresin was unavailable. I left a
23 message with Michael stating who we were, our law firm name, and that we were calling
24 about the above captioned matter. Michael forwarded me to Mr. Kresin's voicemail at
25 which point I left a detailed voicemail stating who we were, why we were calling, and that
26 we wanted to discuss the Joint Pre-Hearing statement which is due today.

27        17.    At approximately 4:55pm Central Time, counsel for Sprouts received a
28 voicemail message from Mr. Kresin's assistant, Michael, stating that David Kresin does not

represent Defendants.

18. As of 6:00pm Central Time, we have not heard from substitute counsel for Defendants. Therefore, counsel for Plaintiff filed its own pre-hearing statement because it was unable to meet and confer with Defendants' substitute counsel regarding same.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed in Chicago, Illinois.

DATED this 2nd day of October, 2019.

By  */s/ Christian G. Stahl*
    Christian G. Stahl

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. The foregoing document has also been served on Defendants by forwarding said copy on October 2, 2019 via U.S. Mail to:

Best Roast Coffee, LLC
790 E. Colorado Blvd., Floor 9
Pasadena, CA 91101

Jason Roe
790 E. Colorado Blvd., Floor 9
Pasadena, CA 91101

By */s/ Johanna M. Wilbert*
   Johanna M. Wilbert