**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SFM LLC, | No. CV-19-04820-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Best Roast Coffee LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Best Roast Coffee LLC and Jason Roe's ("Defendants")[1] Motion to Dismiss for Lack of Jurisdiction. (Doc. 65). Plaintiff SFM, LLC d/b/a Sprouts Farmers Market ("Plaintiff") has responded, (Doc. 69), and Defendants have replied, (Doc. 74). Also pending before the Court is defense counsel's motion to withdraw. (Doc. 58). The clients have been notified and have not opposed withdrawal. Plaintiff has opposed withdrawal on the grounds that Best Roast Coffee LLC cannot proceed pro se. (Doc. 66). The Court now rules on the motions.

**I.   BACKGROUND**

As the Court explained in its prior order, (Doc. 29), this case concerns Plaintiff's allegations that Defendants have infringed its trademarks and disseminated a false narrative about the parties' business relationship. Plaintiff has since filed a First Amended Complaint ("FAC") changing a Jane Doe defendant to Julia Yim—Jason Roe's wife. (Doc. 52). Defendants now move to dismiss this case, alleging that the FAC fails to comply with

---
[1] For clarity, "Defendants" as used herein specifically excludes Julia Yim because she has neither been served nor has she appeared in this case.

Federal Rule of Civil Procedure ("Rule") 15, that the Court lacks personal jurisdiction over Defendants, and that the Court lacks subject-matter jurisdiction over this action based on an arbitration provision in the Terms of Use ("Terms") on Plaintiff's website.

## II. DISCUSSION

### A. Compliance with Rule 15

As an initial matter, the Court must address Defendants' request to dismiss the FAC because Plaintiff filed it outside the time period in which amendments are permitted as a matter of course and did not otherwise obtain this Court's approval. Plaintiff acknowledges its failure to timely file this amendment but asks the Court to excuse its error because the FAC "was filed solely to change the case caption from Jane Doe to Julia Yim (Mr. Roe's wife's name)." (Doc. 69 at 4).

Unless leave to amend is permitted as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the policy favoring amendments "should be applied with 'extreme liberality,'" courts may deny a motion to amend if it would result in undue delay, is motivated by bad faith or dilatory motive, would be futile, or would prejudice the opposing party. *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981) (citation omitted). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Here, although Plaintiff technically failed to comply with the letter of Rule 15(a), such a minor amendment at this early stage of the litigation will not prejudice Defendants. Thus, had Plaintiff filed a proper motion to amend, it would have been granted. Accordingly, in consideration of the factors outlined in *Webb*, the Court accepts the FAC as the operative pleading in this case. *See Narramore v. HSBC Bank USA, N.A.*, No. 09-cv-635-TUC-CKJ, 2010 WL 2732815, at *2 (D. Ariz. July 7, 2010).

### B. Personal Jurisdiction

Defendants first seek dismissal on the grounds that the Court lacks personal

jurisdiction over them. (Doc. 65 at 2–8). As Plaintiff points out, however, Defendants previously filed a Rule 12(b) motion, (Doc. 20), that did not raise lack of personal jurisdiction as a defense. (Doc. 69 at 2–3). Thus, Plaintiff argues, Defendants have waived this defense. (*Id.* at 2–3).

"[I]t is well-recognized that personal jurisdiction—unlike subject-matter jurisdiction—may be waived." *Smith v. Idaho*, 392 F.3d 350, 355 (9th Cir. 2004). A defendant waives a personal jurisdiction defense by not raising it in a responsive pleading or in a motion to dismiss that precedes a responsive pleading. Fed. R. Civ. P. 12(h)(1). Because Defendants filed a prior motion to dismiss under Rule 12(b)(6), (Doc. 20 at 1, 8), and did not raise lack of personal jurisdiction as a defense, they have waived their ability to do so now.[2]

### C. Claims Subject to Arbitration

Defendants next argue that this Court lacks subject-matter jurisdiction because this case is subject to the arbitration provision found in the Terms. (Doc. 65 at 8). In response, Plaintiff asserts that the Terms do not apply because "Defendants have done much more than use a Sprouts' trademark[,] Defendants have purposefully disseminated false statements." (Doc. 69 at 12). Plaintiff argues in the alternative that if the Terms do apply "the only effect would be that damages would be removed from the district court litigation and be subject to arbitration." (*Id.* at 13).[3]

The Federal Arbitration Act ("FAA") applies to arbitration agreements in contracts affecting interstate commerce, and provides that such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity" to revoke them. 9 U.S.C. §§ 1, 2. Thus, when a valid arbitration clause applies to a dispute, the FAA

---

[2] That Plaintiff has since filed the FAC to add Julia Yim to the caption does not change matters. *See Ribeiro v. Baby Trend, Inc.*, No. 8:12 CV 204, 2016 WL 3093439, at *4 (D. Neb. June 1, 2016) ("[T]he filing of an amended complaint does not revive a Rule 12(b) defense that was previously waived."), *cited with approval in* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed. 2019).

[3] Plaintiff also seeks to characterize Defendants' argument as an untimely request for reconsideration of its prior motion to compel arbitration. (Doc. 69 at 7–8). The Court rejects this argument. The prior motion to compel arbitration was not based on the Terms. (*See* Doc. 20).

"leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement" applies. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Because "arbitration is a matter of contract . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior Gulf & Nav. Co.*, 363 U.S. 574, 582 (1960). The Court must determine whether the parties have agreed to arbitrate the dispute in question, "giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996). Moreover, "the party resisting arbitration bears the burden of proving that the claims are unsuitable for arbitration." *See Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 91 (2000); *see also Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam) (party asserting subject-matter jurisdiction bears burden to prove it exists).

As noted, Plaintiff claims that the Terms do not apply here because Defendants have allegedly disseminated false statements in addition to infringing Plaintiff's trademarks. (Doc. 69 at 12). The broadly written language of the Terms, however, renders this contention unpersuasive. Under the Terms' arbitration provision, "any dispute, controversy or claim *arising out of, or relating to* these Terms . . . will be resolved by confidential and binding arbitration." (Doc. 27 at 44) (emphasis added). Elsewhere, the Terms state that

> Any unauthorized use of any trademarks, trade dress, copyrighted materials, or any other intellectual property belonging to Sprouts or any third party is strictly prohibited . . . .
> . . . .
> . . . . [I]f you are a writer, blogger, journalist, educator, or student, you may . . . use the Website's contents and Sprouts' names, logos, service marks, and trademarks that appear on the Website (together, "Sprouts Marks") solely for purposes of including those items in articles or academic materials . . . for purposes of your work as a writer, blogger, journalist, educator, or student. . . .
> You understand and agree that you will not use Sprouts Marks on or with any goods or services and will not use Sprouts

- 4 -

Marks to indicate the source or origin of any goods or services.
(*Id.* at 41) (emphasis omitted). Thus, the plain language of the Terms applies to disputes arising out of or related to use of the Sprouts Marks, including in online articles or blogs.

Plaintiff's cursory assertion that the Terms do not apply because "Defendants have done much more than use a Sprouts' [sic] trademark" fails to account for the Terms' "relating to" language. Indeed, this argument tacitly acknowledges that this dispute *does* relate to the Terms. Review of the FAC's factual allegations confirms this conclusion. Plaintiff's dispute with Defendants revolves around Defendants' use of Sprouts' name in press releases promoting Best Roast Coffee, the use of the URL www.sprouts.coffee, and posting misleading and infringing statements on that website. (*See, e.g.*, Doc. 52 at ¶¶ 71–83). Based on these factual allegations, Plaintiff seeks both damages and injunctive relief under four theories of federal trademark infringement. (*Id.* at ¶¶ 84–132). Given that the FAC primarily seeks relief from Defendants' alleged trademark infringement, Plaintiff's argument that Defendants have done more than simply infringe fails to satisfy its burden to demonstrate that this Court possesses subject-matter jurisdiction.

However, as Plaintiff points out, the Terms do contain an explicit exemption for claims that seek injunctive relief:

> [I]n the event of any actual, alleged, or threatened violation of confidentiality or violation of Sprouts' intellectual property or other proprietary rights, Sprouts may immediately resort to court proceedings in a court of competent jurisdiction in order to seek immediate injunctive relief without posting bond, proving damages, or meeting any similar requirements. Any institution of any action for injunctive relief will not constitute a waiver of the right or obligation of either party to submit any claim seeking relief other than injunctive relief to arbitration.

(Doc. 27 at 44). Thus, read together, this and the previously quoted language of the Terms confirm that while Plaintiff may pursue claims for injunctive relief to vindicate its "intellectual property or other proprietary rights," related claims for damages are subject to arbitration. Because the FAC seeks both damages and injunctive relief, the Court must therefore dismiss Plaintiff's claims to the extent they seek damages but retain jurisdiction

over the claims to the extent that they seek injunctive relief only.

**III. CONCLUSION**

Based on the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 65) is GRANTED IN PART AND DENIED IN PART as explained in the above.

IT IS FURTHER ORDERED that Counsel's Motion to Withdraw (Doc. 58) is GRANTED. The Clerk of the Court shall update Jason Roe's address to the address listed in Doc. 58 at 2.

IT IS FURTHER ORDERED that Defendants (Jason Roe and Best Roast Coffee LLC) have 30 days from the date of this order to file an answer to the FAC.[4]

Dated this 7th day of January, 2020.

James A. Teilborg
Senior United States District Judge

---

[4] As this Court previously noted, Best Roast Coffee LLC cannot appear in federal court without licensed counsel. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). If, after 30 days from the date of this order, Best Roast Coffee LLC has not answered through licensed counsel, Plaintiff may file an application for entry of default.