**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SFM LLC, | No. CV-19-04820-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Best Roast Coffee LLC, et al., | |
| Defendants. | |

The Court is in receipt of Plaintiff's motion for alternative service, which requests leave to serve Julia Yim by publication. (Doc. 76). So long as the party seeking to accomplish service by publication complies with the procedures set forth in Arizona Rule of Civil Procedure ("Rule") 4.2(f), however, leave of court is unnecessary. *See Ruffino v. Lokosky*, 425 P.3d 1108, 1110 ¶ 5 n.1 (Ariz. Ct. App. 2018) (citing Ariz. R. Civ. P. 4.1(k)(3)); *see also Ritchie v. Salvatore Gatto Partners, L.P.*, 222 P.3d 920, 923 ¶ 8 n.4 (Ariz. Ct. App. 2010); *Roberts v. Robert*, 158 P.3d 899, 904 ¶¶ 21–24 (Ariz. Ct. App. 2007); Shirley J. McAuliffe, 2 *Arizona Practice – Civil Trial Practice* § 12:6 (Nov. 2019 update) ("There is no requirement . . . that there be a prior order authorizing service by publication, and securing one serves no meaningful purpose."). Whether service by publication complied with due process and applicable procedural rules is evaluated later.

The Court notes that, among other requirements, Rule 4.2(f) allows for service by publication when (1) the serving party, despite reasonable diligence, has not been able to ascertain the correct address of the party to be served or (2) the party to be served has

intentionally avoided service. Ariz. R. Civ. P. 4.2(f)(1)(A)(i)–(ii). In addition, to comply with both Rule 4.2(f) and due process, service by publication must still be the best means practicable to provide notice to the interested party. *See Ruffino*, 425 P.3d at 1113 ¶¶ 16, 18 ("[W]hen more practicable channels of communication are available, we hold a serving party should first use those channels to attempt to confirm the other party's address, or move for alternative service, before service by publication can be considered the best means practicable . . . ."). *See generally* Ariz. R. Civ. P. 5(c)(2). These prerequisites must be shown in the affidavit required by Rule 4.2(f)(4). *Sprang v. Petersen Lumber, Inc.*, 798 P.2d 395, 400 (Ariz. Ct. App. 1990).

Based on the foregoing,

IT IS ORDERED denying Plaintiff's motion for alternative service, (Doc. 76), as premature.

Dated this 22nd day of January, 2020.

James A. Teilborg
Senior United States District Judge